```
                                                    ____FILED      ____ENTERED
                                                    ____LODGED     ____RECEIVED
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OCT 22 2024

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____

Swamiji Sri Selvam Siddhar
Annamalai Annamalai        )

   Plaintiff/Judgment Creditor/Petitioner,   )

      V.                )      Case No. _____

KSHTROPASANA CHARITABLE FOUNDATION
Prasanth Shankaran        )
Hema Mehta
Beena Krishnamurthi
Seethaaparna Jagadeesa Raja    )
Baskaran Vengesanam
JOHN & DOE 1-11           )

   Judgment Debtors/Defendants.   )

## "Verified" Civil Complaint/Petition of "Judgment Creditor" Swamiji Sri Selvam Siddhar for "Bill in Equity", enforcement and recognition of "Indiana Court's Judgment", full faith and Credit and other related reliefs

### 1.

COMES NOW, Swamiji Sri Selvam Siddhar also known as Annamalai Annamalai, a Hindu High Priest, a Judgment Creditor of Indiana court [ Vigo County Superior court-Terre Haute -Indiana ], respectfully filing this civil complaint under 28 U.S.C. § 1331, 28 U.S.C. § 1332 et seq ( Diversity jurisdiction ground ) 28 U.S.C.§ 1736 ( Full faith and credit ), "Uniform Foreign Money Judgment Recognition Act, Md. Code Ann. Cts. & Jud. Proc. § 10-701 et seq,, Maryland's Uniform enforcement of Foreign Judgment Act, Md. Code Ann., Courts & Judicial Proceedings, §§ 11-801 et Seq, and also under any and all "Rules, codes, statues, laws, procedures which are appplicable to the facts of the matters as stated in this civil coomplaint, even though they are not expressly invoked herein. Also relief sought in Equity, wherever its applicable to render full justice for the Judgment creditor, since his underlying judgment was given under "Eqluity" in the state of Indiana for a "specific performance" against all of these defendants who were judicially adjudicated, found, admitted as the Plaintiff.

1.

3.

This court has also have <u>subject matter, and as well</u>, <u>personal Jurisdiction over all of defendants</u>, since they either maintain properties and or conducting business in this court's jurisdiction and as well as in the State of **Maryland**. Here the Plaintiff who is a Judgment Creditor is the **citizen of republic of India** and the resident of city of Coimbatore- India. Presently, temporarily housed at a Federal correction center at Oxford-Wisconsin for a Bank fraud conviction of $11,854- ( eleven thousand and Eight Hundred and Fifty Four Dollars ) a crime which has never and ever factually occured. The amount of Controversy is <u>over $75,000.00</u>. This court also has jurisdiction under 28 USC 1391(a)(2), 1391(b)(2)&(3),§28 USC 1367{

<u>I. Important NOTICE to the Court and all the parties to this action</u>

4.

The Plaintiff respectfully NOTICES the court and all the parties and as well as interested parties to this action as " here any and all rights and as well as reliefs asserted against the Defendants jointly, severally or in the alternative with relates to or arising out of the same tranaction(s), occurence(s) and any question of law or fact or common to all the defendants, which will arise in this action."

II. Parties

A. Plaintiff/Petitioner/Judgment Creditor Swamiji Sri Selvam Siddhar

5.

"Swamiji" is a natural individual, a Hindu High Priest[1] who has over 17,000,000 plus "faithful followers" at this time. First "human" ever and already have spent approx--imately 15 years ( with Good Conduct time credits ) at the Federal Bureau of Prisons for a "bank Fraud Convictions" of $11,854- ( Eleven Thousand eight hundred and fifty four dollars ) thereby has "established" an "AMERICAN HISTORY as a First HUMAN ever "punished" and served with brutal incarceration for $11,854-(fraud ) convictions with "NO" Criminal restitution, fines, forfeitures, and etc and also with NO prior criminal Records".!!! In that "evil passage" has lost over $1.4 Billion worth properties belonging to Swamiji and also his Hindu Temples/Monastery(s) and etc.

---

1. The word Swamiji refers about a "Guru", a Hindu High Priest of Hindu faith/Religion. Swamiji, the plaintiff in this action was the "FIRST" AND THE "ONLY" man of Hindu faith a / Hindu High Priest ever thrown in "two terrorists cell" of the FBOP which are "secretive terrorist cells" known as "Counter Terrorism Units". They are located secretly inside the USP-MARIUON and USP-TERRE HAUTE. In that "evil passage", Swamijji was casually, assaulted, sexually assaulted, battered, beaten up "casually" often

2.

### B. Defendants/Judgment Debtors

**6.**

All of the defendants, who are all Judgment Debtors, subject to this court's venue, personal and subject matter jurisdiction. The "common fact(or) all such defendants are "ALL" are "presently parties/Judgment debtor" pursuant to a standing and a Non-Appealable "Equitable order of Specific Performance" ordered by an Indiana court. ALL the defendants conducts businesses in Maryland and as well as maintain properties, assets, at this court's jurisdiction as well.

### FACTS

**7.**

Mr. Annamalai aka Swamjii Sri Selvam Siddhar is a "Hindu High Priest" and the "ONLY", Hindu Swamji in the United States, who has legally immigirated has gained over 25 Million "faithful followers" and presently with over 17,000,000. <u>Faithful Followers</u>. [ Not social media followers ]. Swamiji was also the Publisher of the "ONLY" Indian American "Spiritual magazine known as "Karma Magazine" and Siddhi Times magazine. distributed for free for all over the United States for the people of Hindu faith. Swamiji also "stands" even today as the first and the only man of Hindu faith ( from INDIA ) who has caused to contribute over $2 Billion for various social, religious, and public causes inclusive of fed countless numbers of "orphan kids " and "old age people" with no financial support "until" and 'after" his brutal "religious persecution", up to the time of end up in Federal prison ( november 2015 ). Indeed Swamji has also made several other "history in the United States" and in the world, inclusive of:-

1. First "human" thrown in federal prison for an alleged bank fraud of $11,854- who has already served 15 years ( with his GCT ) for such conviction, with NO prior criminal history, restitution, forfeitures, fines and etc.

2. First man of Hindu faith also "thrown" at a "Terrorist cells" of the FBOP, for approximately so far seven years ( he is no more in the terrorists cells ) and "lived" with the most dagerous persons on the planet inclusive of senior operatives and master minds of Al-Quaeda, ISIS, Talbans, and several of the

"shead blood" and finally also faced his own horrific death in the hands of a "most dangerous and well known "White Supremacist" known as inmate WILLIAM A WHITE. Indeed all such "tortures, shedding blood' for a $ 11,854- Bank fraud convictions serving as speak!!. <u>See</u>, Exhibit no.1, a legal opinion written by a senior Judge of Southern District of Ilinois ( Hon.J.Phil Gilbert ), about just, one of the "sagas" of "fentastic prison life of Swamiji".[ Swamiji is <u>NOT</u> asking any reliefs at this action based on events as stated such legal opinion of Judge Gilbert ].

3.

same kinds of Muslim terrorists from Albania, Pakistan, Afganistan, Nigeria, Iran, Iraq and etc. In that "wonderful living with" such "radicalized terrorists," because of the background as a Hindu High priest in the midst of radicalized muslim terrorists, shead blood repeatedly in the hands of such terrorists, battered sexually asaulted and one day also faced his own death in an unprovoked fight as usual by the patent failure to protect by the FBOP's staffs even with repeated warnings of assasination of Swamiji.

3. By using Swamji's incarceration for $11,854 bank fraud, several of the individuals directly and or indirectly caused and or personally looted his wealth and fortunes which runs in several billions of dollars and such a billionaire Swamji at this time is a "PAUPER"!!!

### 8.

Swamiji after his incarceration, has "invoiced" several of the persons, entities who has caused an injury in fact for himself who has looted and or sold, transferred absconded with his properties and etc. Such "Invoices" were mailed to all such "tortfeasers" at that time, and NO ONE has respected such invoices and also took any measures to return the hard earned wealth and fortunes, inclusive of billions of dollars worth Trade secrets, intellctual properties, artieffects, ancient statues, idols over 5 tonnes of Gold kept to construct a golden Tower for a Hindu Temple in the United States, hundreds of acres of lands, office towers, homes, cars, jewelleries, cash, and other properties as well.

### 9.

In the due course, Swamiji has sold such invoices to an individual on a contract to collect such invoices. The failure in non compliance with the contract terms has triggered a civil action to be lodged with an Indiana court known as VIGO COUNTY SUPERIOR COURT, located at Terre Haute-Indiana ( when Swamji was thrown at a "terrorist cell" located inside the USP-TERREHAUTE ).

### 10.

The Indiana court has a local Rule and Standing order to "immediately start civil discovery by the litigants as soon as the civil action gets filed. To comply with such standing order of the court Swamiji has started his civil discovery by serving "Request for admissions" and Production of records" under Indiana Trial Rule 36 and also , against "ALL" of the "NON -PARTIES", who indeed are all the tortfeasers who has directly and or indirectly harmed, injured and lead to an injury in fact for Swamiji, which is inclusive of state, federal actors & Agencies, private corporations, entities, and natural individuals.

---

2. Swamji is NOT asking any reliefs based on his "conditions of confinement" or not bringing up any and all civil rights claims via this action. The facts are stated to have an understanding of Swamiji about who he was and is!!

4.

Within few months of starting, such case was "dismissed" by the Chief Judge of Indiana court ( Judge Lakshmi ) as frivolus. Swamiji took such erroneous dismissal of such action to the Indiana Court of Appeals as a "Pro se" litigant and made a historical winning. After such winning the chief Judge Lakshmi voluntarily recused herself, which has lead to an appointment of a "SPECIAL JUDGE" Honorable Charles D. Bridges, brought from another County ( putnam County -Indiana ) to preside over the reinstated case. See, Exhibit number-2, by reference reincorporated herein.

### 11.

After Judge Bridge's appointment Swamiji has mailed the copies of the "INVOICES" and the respective Request or admissions of various "ACCOUNT DEBTORS" inclusive of the named defendants in ths action as well. Special Judge Bridges has ordered to document all such invoices, the respective Request for admissions of the non-parties inclusive of the named defendants. See Exhibit no. 3 the relevant portions of such Court docket sheet epicting such "judicial proceedings" and "Judicial events" as well. Pay attention to "yellow highlighted" portions of judicial records for quick and easy reference of the judicial facts as stated herein. Also by reference the Exhibit no-3 is fully and Expresssly reincorporated herein.

### 12.

After the non-parties gave admissions and agreed to the matters by their respective admissions under Indiana trial Rule 36(b), inclusive of to "settle" the respective invoices at this time are judicially proved, established, admitted, still they have NOT interested to respect and obey the law and most importantly their admissions to the liability given under Indiana Trial Rule 36(b). That has forced Swamiji to move the court for to seek an "EQUITABLE ORDER OF SPECIFIC PERFORMANCE ( to perform all the "admitted acts" to comply under Indiana Trial Rule 36(b) ). The copies of the Relevant "Request for admissions" for the defendants at the Indiana court is enclosed herewith as Exhibit number.4, by reference, fully and expressly reincorporated herein.

At that time period, Swamiji was NOT in FBOP's custody and went to attend his mockery resentencing in Atlanta Georgia after his another historical winning in his so called criminal case by throwing away 22 counts of 34 counts of convictions by the Eleventh Circuit court of apeals at Atlanta Georgia ( case no. 15-11854-CC ). Swamij was NOT having any access to any kinds of typewriters and or computer typing to prepare his legal documents to the court, turned out to use the note book papers and handwritten a motion to seek "specific performance order" and latter a "hand written "proposed order" for the same with the court.

### 13.

On or about November 09, 2020, special judge Bridges has GRANTED the request for an Equitable order of Specific performance in favor of Swamji by binding all of the Account Debtors and now they are all "judgment debtors" based on such specific order of performance. See Exhibit number. 5 , the "certified copy" of such order which indeed was a hand written order, and for the clarity and as well as for easy such order's words are typed herein as follows:-

### Order

The Court finds for the Plaintiff to EXECUTE, the Final Judgment. All the Account Debtors, who has already admitted as "Party-in-Privity", pursuant to Indiana Trial Rule 36(b) SHALL specifically perform all the Acts, as per their respective admissions at this proceedings.

ALL OF WHICH IS ORDERED, by the Court, this 9th day of November 2020.

-Underlined to Emphazize, not in the original order.
See: Exhibit number-5

### Very crucial fact about the specific order of performance affecting "this" case on hands at this court

### 14.

Indeed, the Indiana Trial Rule 36 and Federal Rule of 36 ( admissions ) are almost the same. Any admissions given under Trial rule/Federal Rule 36(b) can be used !" only " in the underlying case/action. However the "subject judgment/order as stated above ( See Exhibit no. 5 ), the Equitable order of specific performance, has "EXPRESSLY" REINCORPORATED "ALL" of such "deemed admissions" under Trial Rule 36(b) and all such Rule 36(b) admissions are the parts of such Equitable order of specific performance, and the "Admission of liability" of the Account Debtors, inclusive of the defendants liabilities all now have been judicially established and now orderd to be "specifically performed" which indeed an order in Equity since the Remedy in law was not sufficient to redress the harms and injury in fact committed by the defendants and also by their privies.

Indeed the various invoices and request for admissions for the 169 Account debtors was quite extensive and spread all over the ~~Indaian~~ case dockets/records. To streamline and as well as for 'easy review' for the court(s) and as well as for the Account

Debtors and their privies, Swamiji lattter has prepared a list of Account Debtors and mailed to the court to admit and also "certify" such Account Debtors by the court. See Docket entry dated __09.23.2022__, the motion filed with the "proposed list of Account Debtors". Then on or about __01.12.2023__, the special judge Bridges, after his "review" of such List of Account Debtors has <u>GRANTED</u> the relief as requested by Swamiji, and also <u>ORDERED the Clerk of Vigo County-Indiana to Certify and mail the certified ACCOUNT DEBTORS LIST</u> to Swamiji. See, Exhbit no __3__ for the docket entries showing such judicial events/orders. Also see Exhibit number __6__, the certified copy of the "LIST OF ACCOUNT DEBTORS", expressly showing in such Judiial records, the names and locations of the <u>"DEFENDANTS TO THIS ACTION"</u> as well with the names and locations of their "privies" as well. The exhibit number __6__ is fully and expressly reincorporated herein, by reference.

<u>(1). The Plaintiff Swamiji Sri Selvam Siddhar is lawfully entitled to "Full faith and Credit" for the Indiana's court records, copies and judicial Proceedings, at this action under 28 U.S.C. § 1736 "in full"</u>

16.

The Plaintiff Swamiji by reference fully and expressly reincorporate and restate paragrapgh 1 - 15 herein.

17.

The Full faith and Credit Act 28 U.S.C. § 1738, "directs al courts to treat a state court Judgment with the same respect that would **receive in the court of** the rendering state" Matsusita Elec. Indus. Co V. Epstein, 516 U.S. 367, 116 S.Ct 873, 134 L.Ed 2d 6 ( 1996 ). "Federal courts are compelled by the <u>full faith and credit</u> statue to give collateral estoppel and res judicata effects to the judgment of state courts" Se.Res.Recovery Facility Auth V. Montenay Int'l Corp, 973 F.2d 711, 712-13 ( 9th Cir 1992 ).

18.

*The Doctrine of Res Judicata*

"Under the **Full Faith and Credit** Act, 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect they would have in state court." *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). More specifically, "[t]he judgment of a state court sitting in review of an administrative agency is entitled to <u>full faith and credit</u> in federal court." *Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012) (citing 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Cor* 456 U.S. 461, 481-82, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982)).

Credit to state acts, records and proceedings in federal courts

While federal courts are not foreign tribunals in their relations to state courts, they are tribunals of different sovereign, exercising distinct and independent jurisdiction, and are bound to give to judgments of state courts only same faith and credit which courts of another state are bound to give to them. Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565 (1878), overruled in part, Shaffer v. Heitner, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

Courts of United States are bound to give to judgments of state courts same faith and credit that courts of one state are bound to give to judgments of courts of her sister states. Cooper v. Newell, 173 U.S. 555, 19 S. Ct. 506, 43 L. Ed. 808 (1899).

Requirement as to full faith and credit applies to judicial proceedings of state court drawn into question in independent proceeding in federal courts, and relates to determination of questions of jurisdiction as well as to other issues. American Surety Co. v. Baldwin, 287 U.S. 156, 53 S. Ct. 98, 77 L. Ed. 231 (1932).

Full faith and credit rule was extended to all courts, federal as well as state. Davis v. Davis, 305 U.S. 32, 59 S. Ct. 3, 83 L. Ed. 26 (1938); Caterpillar Tractor Co. v. International Harvester Co., 120 F.2d 82, 49 U.S.P.Q. (BNA) 479 (3d Cir. 1941); Botz v Helvering, 134 F.2d 538, 30 A.F.T.R. (P-H) 1154 (CA8 1943).

Judgment duly entered by state court of competent, though concurrent jurisdiction, is entitled to receive in all federal courts full faith and credit. O'Connor v. Stanley, 54 F.2d 20 (8th Cir. 1931).

Federal court must give full faith and credit to all valid decrees of state courts. In re 1030 North Dearborn Bldg. Corp., 86 F.2d 187, 32 Am. B.R. (n.s.) 433, Bankr. L. Rep. (CCH) ¶ 4239 (7th Cir. 1936).

Purpose of full faith and credit provision of Federal Constitution is to preserve rights acquired or confirmed under public acts and judicial proceedings of one state by requiring recognition of their validity in others. Pink v. A.A.A. Hwy. Express, Inc., 314 U.S. 201, 62 S. Ct. 241, 86 L. Ed. 152 (1941), reh'g denied, 314 U.S. 716, 62 S. Ct. 477, 86 L. Ed. 570 (1942).

Function of full faith and credit clause of Federal Constitution is to resolve controversies where state policies differ; and convenience in administration of local assets does not warrant refusal to recognize judgment of sister state. Morris v. Jones, 329 U.S. 545, 67 S. Ct. 451, 91 L. Ed. 488, reh'g denied, 330 U.S. 854, 67 S. Ct. 858, 91 L. Ed. 1296 (1947).

Full faith and credit clause has function of avoiding relitigation in other states of adjudicated issues. Sutton v. Leib (1952) 342 US 402, 96 L Ed 448, 72 S Ct 398, reh den (1952) 343 US 921, 96 L Ed 1334, 72 S Ct 674 and on remand, remanded (1952, CA7 Ill) 199 F.2d 163, 33 ALR2d 1451; reversed on other grounds and remanded Sutton v. Leib, 199 F.2d 163 (7th Cir. 1952).

Where suits upon same cause of action are pending simultaneously in state court and in federal court, final judgment entered in either court will be binding and conclusive in other, without any regard to question which suit was first commenced. Wade v. Clower, 114 So. 548 (Fla. 1927).

19.

Federal courts are not allowed by Full Faith and Credit Act (28 USCS § 1738) to employ own rules of res judicata in determining effect of state judgments; rather, § 1738 goes beyond common law and commands federal court to accept rules chosen by state from which judgment is taken. Parsons Steel, Inc. v First Alabama Bank (1986) 474 US 518, 88 L Ed 2d 877, 106 S Ct 768.

Because the jurisdictional constraints of Article III of the Federal Constitution do not apply to state courts, state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability, even when the state courts address issues of federal law, as when the state courts are called upon to interpret the Federal Constitution or a federal statute; even though the state courts are thus not bound to adhere to federal standing requirements, the state courts possess, under 28 USCS § 1738, the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretations of federal law, subject to review by only the United States Supreme Court,

Similarly, the court stated in Kremer v Chemical Constr. Corp. (1982, US) 72 L Ed 2d 262, 102 S Ct 1883, 28 BNA FEP Cas 1412, 28 CCH EPD ¶32674, reh den (US) 73 L Ed 2d 1405, 103 S Ct 20, that as one of its first acts, Congress directed in the Act of 1790, now codified as 28 USCS § 1738, that all United States courts afford the same full faith and credit to state court judgments that would apply in the state's own courts. According to the court, § 1738 therefore requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged.

Further the pertinent portions of the Indiana court's judicial proceedings are also enclosed herewith as "Exhibits 3, 4, 5, 6. Annamalai moves this court for "Full faith and credit" for such Indiana's judicial proceedings and records under 28 U.S.C.§ 1738. 4

(2) Plaintiff Swamiji is moving the court for all the reliefs under his

## "BILL IN EQUITY"

### 20.

Plaintiff Swamiji expressly reincorporate paragrapghs 1 through 19 herein as if they are fully restated.

Plaintiff, Swamiji is fully entitled to "present debts" owed by the Account Debtors", who are already found out by the Indiana court, a competent court and ended up with a judgment to the favor of the Plaintiif with an Equitable order of Specific performance" to "specifically perform all the admitted acts under

---

4 Indeed, the "Equitable order of Specific performance and the certified copies of the "Account Debtors" in fact was filed with a closed "Appeal ( criminal ) case at the eleventh circuit court of appeals, 'after' Mr.Annamalai was able to successfully challange 22 counts of malicious convictions and moved the court for the "hyde Amendment attorney fees". In that time to show the "honesty" and the "audacious acts ( misconducts) of the federal officials involved in religious persecution of Mr.Annamalai, he has presented such records and "NOT" to ask for any kinds of Release from any custody and or to pay the respective and pending debts of the various Account Debtors, and sevearal of them were Federal officials and or agencies. The 40 years plus bench-judicial experience appellate Judge Julie carnes even went to the level of accusing Mr.Annamalai as such he has committed a criminal act of "FORGERY" with such order of specific performance and went wild to recommend Mr.Annamalai even for a criminal prosecution, indeed, sua sponte. See, Exhibit number.7 Then Mr.Annamalai asked for the Indiana's special judge to step in to 'defend' Mr.Annamalai from such false and wild acquisition of commtting Forgery with relates to the Indiana court's order(s). The Indiana judge swiftly ordred and indeed affirmed the order as discussed is a genuine court order. See, Exhibit number 8. Then the appellate judge for the eleventh circuit has swiftly backed off completely, and the so called criminal referral as usual evoporated!! See Exhibit number 9. The exhibits 7, 8 and 9, are expressly reincorporated herein by reference.

Indiana Trial Rule 36(b). <u>See Exhibits 2 through 6.</u> Here such judgment is final and conclusive and the Account Debtors/Judgment debtors who are the defendants in this action be orderd to to settle their respective "Invoices" (debts) the interests, admitted by them also which are expressly noticed in the invoice itself.

21.

Indeed, the Defendants who are all "Account Debtors" and owes their respective debts now as per the final order of Specific Performance, and this underlying "BILL IN EQUITY" is premised on it. Indeed the well settled Full faith and Credit combined the binding case precdents of this circuit, prevents in any means to "relitigate" the facts as established and now finally lead to an "equitable order of Specific performance" by the defendants as ordered by the Indiana court per se. Further the judgment as shown here is fully enforceable and no stay and or appeal is pending on such specific performance order. The defendants here are well resourced and also well connected with "friends in high places". However such "friendship" and or "connections" shall not place the law in impunity and also to assult the law and the "sanctity of the Indiana's judgment" subject to this bill in Equity claim of the Judgment Creditor Swamiji. Also for the record to avoid any misunderstanding and or confusion, the judgment debtors as shown as defendants at this action were brought as "  -PARTY" to the Indiana's action and also "privy" to such indiana's litigation. They all were properly given with due process as per Indiana law and as wella s Indiana's constitution. After the lawful service/delivery/mailing of the underlying Request for admissions under Indiana trial Rule 36, and the constant and patent disrespect to the Indiana law, lead to all such "admissiosn" served under Indiana Trial rule 36 turned out to be a Indiana Trial rule 36(b) admissions and all the <u>facts</u> are conclusively established.

---

Usually the Rule 36(b) admissions are and can be used in the same court proceedings. However the subject matter on hand the "equitable order of Specific Performnance has in fact, "EXPRESSLY" Reincorporated, all such "Admissions" and part of the subject matter of such specific order of performance of the Indiana court, specifically, has ORDERED the "Account Debtors" who are also admitted judicially as "Party-in-Privity" is inclusive of the Defendants and or their privies.
such "admissions" given under Ind.Tr.R.36(b) were "expressly reincorporated " in to the Equitable order of Specific Performance.See, Exhibit Such judicially established facts can not and SHALL not be "relitigated" at this proceedings by attacking any of such judicial facts by any of the defendants and also by their privies at this case per se.Please see, Rooker-Feldman and Res Judicata doctrines, and "law of the case doctrine" as well.

Indeed, the defendants all have admitted and judicially concluded and also established as the "party in privity" to the Indiana action. Indeed the judgment of specific order of performance expressly "ordered" all of the "Party-in-privity(s) to s specifically perform all of their "admitted acts" under Indiana Trial rule 36(b) See; exhibit number __5__ enclosed with this complaint as well and by reference fully and expressly reincorporated herein. Under well established doctrine of Res Judicata, NONE of the defendants shall relitigate any of the matters as lead to the final order of specific performance at this proceedings.

> The Ohio Supreme Court has recognized that the concept of privity for purposes of res judicata is "somewhat amorphous." *Brown **v. City of Dayton***, 89 Ohio St. 3d 245, 248, 2000-Ohio 148, 730 N.E.2d 958 (2000). While a contractual or beneficiary relationship can be sufficient, neither is required. *Id.* In *Brown*, the court found that a broader definition is warranted. *Id.* The court explained that, "[a]s a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata.*" *Id.*
>
> The Ohio Supreme Court has recognized other instances of privity or exceptions to the same party requirement. Privity may be established when there is "an interest in the result of and active participation in the original lawsuit" or when there is "'a mutuality of interest, including an identity of desired result,'" where the person taking advantage of the judgment would have been bound by it had the result been the opposite. *State ex rel. Schachter v. Ohio Pub. Emps. Ret. Bd.*, 121 Ohio St. 3d 526, 532, 2009 Ohio 1704, 905 N.E.2d 1210 (2009)(quoting. *Kirkhart v. Keiper*, 101 Ohio St. 3d 377, 379, 2004 Ohio 1496, 805 N.E.2d 1089 (2004), quoting *Brown*, 89 Ohio St. 3d at 248). In addition, "a person is in privity with another if he or she succeeds to an estate or an interest formerly held by another." *Thompson v. Wing*, 70 Ohio St. 3d 176, 184, 1994 Ohio 358, 637 N.E.2d 917 (1994). The Ohio Supreme Court has also held that preclusion principles "'appl[y] likewise to those in privity with the litigants and to *those who could have entered the proceeding but did not avail themselves of the opportunity.*'" *Id.* (emphasis in original) (quoting *Howell v. Richardson*, 45 Ohio St. 3d 365, 367, 544 N.E.2d 878 (1989)).
>
> The **full faith and credit** statute, 28 U.S.C. § 1738, requires this Court to accord a state court judgment the same preclusive effect the judgment would have in a state court. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984); *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir.1999). Under **Ohio law**, "[t]he doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Township*, 73 Ohio St. 3d 379, 1995 Ohio 331, 653 N.E.2d 226, 228 (Ohio 1995). As the Sixth Circuit explained in *Fordu*:
>
>> Claim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Fordu*, 201 F.3d at 703-04 (citing *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997) (citing *Felder v. Cmty. Mut. Ins. Co.*, No. 96-3320, 1997 U.S. App. LEXIS 6622, 1997 WL 160373, at *3-4 (6th Cir. April 4, 1997))). "Issue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffmann*-LaRoche, Inc., 80 Ohio St. 3d 212, 1997 Ohio 345, 685 N.E.2d 529, 533 (Ohio 1997).

<u>The Plaintiff Swamiji asks this court to enforce the Indiana's Judgment under Uniform Foreign Money Judgment Recognition Act in full and also under Maryland Uniform Enforcement of Foreign Judgment Act</u>

**22.**

The Plaintiff Swamiji by reference fully, expressly reincorporate the paragrapghs 1 through 21, as if they are fully restated herein.

**23.**

Here, indisputably the Indiana's judgmnt of specific order of performance against the Account Debtors, who are the named defendants can be enforced under California's <u>Uniform Foreign Money-Judgments Recognition Act ("UFMJRA"). The UFMJRA allows</u> this court to not only recognize the Indiana's judgment whereas allows this court enforce such judgment as well, since the undelying action also <u>premsied on "diversity jurisdiction/citizenship, wherewhich the plaintiff is citizen of Republic of INDIA</u> and defendants are all citizens of state of Maryland, and or conducting, conducted business(s) in the State of Maryland; and or maintain assets/properties in the state of Maryland as well. Here the substantive law of Indiana, should be applied to dtermine the effect of the foreign ( Indiana ) judgment. Under adoption of the UFMJRA, "[a] foreign judgment [ that is final and conclusive] is enforceable in the same manner as the judgment of a sister State which is entitled to "full faith and credit"" pursuant to 28 USC 1736. Here the judgment was rendred by Indiana, and therefore the Indiana's preclusive effect of that state order also comes in place.

**24.**

Here the defendants all maintain properties, assets in Maryalnd, and also at this court's jurisdiction as well. Here the "matters with respective "DEBTS" as an "original matters" already decided and proved at Indiana court, indeed lead to the specific order of performance, because of the continued disrespect of courts by the defendants. Here the defendants were already established, proved and as well admitted as the Debtors of the plaintiff, by comporting with the due process standards of Indiana towards the defendants already rendered. Further the full faith and credit( clause) also prevents the debtors from escaping enforcement of judgments and court orders, because it permits a valid court order/judgment rendered in one State to be enforced in another, see Shaffer, 433 U.S.at 210. Full faith and credit incorporates the same principles, which allows for recognition of Indiana court's as courts of competent jurisdiction. See binding case precedents. ( The foreign Judgment is enforceable in the same manner as the judgment of a sister state which is entitloed to full faith and Credit ). See also, Growqe V.Emison, 507 U.S. 25, 35, 122 L.Ed 2d 388, 113 S.Ct 1075

(1993( ( full faith and credit is founded on the principles of Federalism and Comity ), see also Hilton V. Guyot, 159 U.S. 113, 166-67, 40 LaEd 95, 16 S.Ct 139 ( 1895 ) ( judgments rendred in foreign courts of competent jurisdiction can be enforced

### 25.

To recognize a foreign Judgment under Maryland's Recognition Act, the judgment/order of the court shall be final, conclusive and enforceable where rendred. Md.Code Ann. Cts & Jud. Proc. §§ 10-702, 10-703. Here, indisputably the Indiana's equitable judgment order of specific performance orderd against the Account debtors, who are the parties and as well as defendants to this action is "final, conclusive and enforceable". Further, the underlying judgment as noticed herein, "expressly" and "conclusively" ordered the defendanst who were found out judicially now as the Account Debtors who owes their respective debts towarsd the plaintiff Swamiji, to "apecifically perform" all of their admitted 'acts" under the Indiana Trial rule 36(b), which is indeed a "recovery of a sum of money" from the respective defendants of this action on hands.

### 26.

Here, the defendants were "repeatedly" given with Notices, records, and also advised about the pending judicial proceedings at Indiana, by giving fullest due process, records and also fully adhering the Indiana trial Rule 5(B)(2) which deals with the service and filing of pleadings and other papers. See, Exhibit no 10____, for the copy of such rule and pay attention to Trial rule of Indiana 5(B)(2), which states as:-

> Service by Mail: If service is made by mail, the papers shall be deposited in the United States Mail addressed to the person on whom they are being served, with postage prepaid. Service shall be deemed complete upon mailing.

### 27.

Indeed, the defendants patently failed to obey the law " as usual" and did not comply with the Indiana's specific order of oerformance to settle their respective debts, still. Every one of the named defendants were not only repeatedly noticed the Indaian's ongoing court proceedings, whereas they have had sufficient time to enable them to defend. Here the Uniform recognition of foreign judgment delinates a minimum of foreign judgments which must be recognized in jurisdictions which have adopted the Act, and is no way constitutes a maximum limitation upon foreign judgments which may be given apart from the Act. In determining the effect of a continued enforceablity of the judgment the "where rendered language' of the provision requires a recognition court to focus on the law of the rendering court in making such determination. ( here

the rendering court is Indiana and Indiaan law applicable to such matters ).The Marylands Uniform Foreign-Judgment Recognition Act 10-703 provides that a foreign ( Indaianas) judgment is enforceable in the same manner as the Judgment of a sister State which is entitled to "full faith and Credit".Further the Judgment can be lawfully enforced at this court's jurisdiction pursuant to the well established "full faith and credit's provision of 28 U.S.C.§ 1738 without anymore debates per se.

### A. The Judgment Creditor Swamiji Sri Selvam siddhar is invoking the Doctrine of Res Judicata, ROOKER-FELDMAN in support of his request to allow the enforcement of Indiana's judgment against the defendants

The Plaintiff-Judgment creditor Swamiji respectfully invoking in advance the doctrines of Res Judicata, Rooker-FELDMAN in support of his claim of enforcement of Indiana's judgment against the Account Debtors at this court's jurisdiction in full.Indeed the well established 28 U.S.C.§ 1738 the Full faith and credit statue also stands with such proposition.

> United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action violated federal law. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under{2016 U.S. Dist. LEXIS 3} this principle, generally referred to as the Rooker-Feldman doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

> The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).2 *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

The well established "Rooker-Feldman doctrines", precludes Federal District courts from exercising jurisdiction over any claims by the "state court loosers" challanging in any means the State Court's orders/judgments, in which such orders/judgments have been rendered, before the district court proceedings commenced ( case law omitted ). See also Sykes V.Cook County Circuit Court Probate Division, 837 F.3d 736, 742 ( 7th Cir 2016 ) ( citing Exxon Mobil Vs Saudi Basic Industries corporation, 544 U.S. 280, 284, 125 S.Ct 1517, 161 L.Ed 2d 454 ( 2005 ).The rationale for this rule is that congress has granted only the supreme Court the power of appellate review of state court's

orders/judgments. See, Gilbert Vs. Illinois State Board of Education, 591 F.3d 896,900 (7th Cir 2010). See also, Sykes, 837 F.3d 742 " " [ N ]o matter how wrong a state court judgment may be under federal law, only the supreme court of the United States has jurisdiction to review it". Any claims from any defendants in case if that emerges and asks this court to discredit and or setaside the Indiana's order of specific performance, which has expressly reincorporated all of the admissions given under Indiana Trial rule 36(b), would be a straightforward "de facto" appeal that would immediately triggers "Rooker-Feldman". Sykes, 837 F.3d 1t 742. Rooker-Feldman applies even in the event the state court judgment is "erroneous or even unconstitutional". Gilbert, 591 F.3d 900 ( quoting Kamilewcz v. Bank of Boston Corporation, 92 F.3d 506, 510 ( 7th Cir 1996 ). see Swanson Vs. Indiana 23 F.App'x at 559. Wherefore any kinds of attacks based on any unconstitutional, erroneous claims in case being brought latter by any of the federal actors, agencies and as well as defendants are all precluded at this time per se and any calism in reversing the findings of the order of specific performance cannot be heard by this court per se. Further the claims as asserted in this complaint/petition, "indisputably" and "inextricably intertwined with the state court's order of specific performance and the "court ordered 'certified copies of the "Account Debtors" as well, indeed. Most notably the well settled doctrine of "Res judicata" also precludes any future attacks by the defendants in any manner as well.

Mr. Annamalai requests the court to take "Judicial notice" of the enclosed Judicial records, court proceedings at Indiana court and asks for a Hearing as well.

Mr. Annamalai moves this court to take judicial notice of the adjudicative facts from the Indiana court as well demonstrated in this petition and as well as the records as enclosed herewith this petition, since such records can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Mr. Annamalai moves the court for such relief pursuant to Fed.R.Evid. 201(c)(2), and this court must take judicial notice of such facts, and this court also supplied with the necessary information. See, Exhibit no-10 the pertinent parts of the "Judicial records" of the Indiana court affecting this proceedings and ask for to take Judicia notice under § 201

A. Mr. Annamalai moves the court for a "hearing" on the "judicial notice" matters

Mr. Annamalai respectfully moves the court for a hearing, pursuant to Federal Rule of Evidence 201( e ). The Rule states as:

Opportunity to be heard.

On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party on request is still entitled to be heard.

Further the plaintiff also moves this court to take notice of the state court records as demonstrated in this brief and the proceedings of the Indiana court, pursuant to Federal Rule of Evidence 902(1)(A), (B) 902(2) and 902(4), which such "Evidences" are all "Self-Authenticating".

Mr. Annamalai also moves this court to take notice of the enclosed Exhibits ( Indiana court records ) pursuant to Fed.R.Evid. 902 et Seq as well

### Conclusion & Relief Sought

The Plaintiff as demonstrated herein, respectfully PRAY the fourt for the following reliefs, inclusive any more reliefs also be granted with the ones as expressly sought in this civil complaint.

(1). An order to allow and maintain this action as a pauper under 28 U.S.G. § 1915(g); Service of process on defendants vua U.S. marshal as well;
(2). A judgment/order to enforce and also to recognize the Indaian's judgment and other associated Judicial Records as ex osed herewith;
(3). A full faith and credit for all of the Indiana court's records, judicial proceedings and etc.,
(4). An order for a hearing under Fed.R.Evid 201(e);
(5). All the reliefs as sought under every one of the claims as sought in this complaint.
(6). A request for a jury Trial on all the maters can be tried bya jury.

Respectfully Submitte this day of 26th September 2024.

*[signature]*

Swamiji Sri Selvam Siddhar
AKA: Annamalai Annamalai
FCI-OXFORD: P.o.Box-1000:Oxford:WI-53952
WWW.SIDDHARPEEDAM.ORG

 

_____
Signature of the Judgment Creditor

Swamiji Sri sewam Siddher
AKA: Annamalai Annamalai
_____
Name of the Judgment Creditor

Sworn and Subscribed before me
on this __27__ day of __September__
2024.

__X Vue_____
Signature of the Notary Public
My Commission Expires on __12-18-2026__

S E A L

17.

The "last known addresses of the Defendants for court's ervice of papers, processes and etc"

1. KSHIROPASANA CHARITABLE FOUNDATION
C/O Prasanth Shankaran
7705 Maubery N.W.
Maryland-20817

2. Prasanth Shankaran
7705 Maubery N.W. ( maubery Road N.W )
Maryland-20817

3. Beena Krishnamurthi
700 Alberta Avenue
Mechanicsburg, Virginia-17050

4. Seethaaparna Jagadeesa Raja
1322 Forty oaks Dr
Herndon, Virginia-20170

5. Baskaran Vengesanam
1322 Forty Oaks drive
Herndon Virginia-20170

6. Hema Mehta
54 Fieldstone Ct
Frederick MD 21702

The JOHN & DOE defendants correct mailing/contact addresses will be notified as soon as possible.